CYNTHIA J. WOOLLEY, ISB No. 6018
cynthia@ketchumidaholaw.com
LAW OFFICES OF CYNTHIA J. WOOLLEY, PLLC
P.O. Box 6999
200 West River Street, Suite 301
Ketchum, ID 83340
(208) 725-5356
Fax: (208) 725-5569

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GARY FAWCETT,<br><br>      Plaintiff,<br><br>vs.<br><br>ST. BENEDICTS FAMILY MEDICAL CENTER, INC. and Does 1-50,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL** |

COMPLAINT
-1-

Plaintiff, Gary Fawcett, by and through his attorney Cynthia J. Woolley of the Law Offices of Cynthia J. Woolley, PLLC, for his Complaint against the Defendants, St. Benedicts Family Medical Center, Inc. and Does 1 through 50, complains and alleges as follows:

## PARTIES

1. Plaintiff is an individual residing in Twin Falls County, State of Idaho.

2. Defendant St. Benedicts Family Medical Center, Inc. ("St. Benedicts") is an Idaho Nonprofit Corporation located at 709 North Lincoln, Jerome, Jerome County, Idaho and is authorized to transact business in the State of Idaho.

3. Plaintiff is unaware of the true names and capacities, whether individual or otherwise, of Defendants DOES 1 through 50, inclusive, and therefore sues those defendants by fictitious names. Plaintiff is informed and believes, and on that basis alleges, that these DOE defendants, and each of them, are in some manner responsible and liable for the acts and/or damages alleged in this Complaint, and that among these DOE defendants are supervisory employees and employers who supervised or employed Plaintiff. Plaintiff will amend this Complaint to allege the DOE defendants' true names and capacities when they have been ascertained.

## JURISDICTION AND VENUE

4. This is an action for injunctive relief, damages and equitable relief arising under the violation of the Americans With Disabilities Act, 42 USC §§ 12101-12213; the Family Medical Leave Act of 1993, 29 USC §§ 2601, *et seq.*, as amended; and the Idaho Human Rights Act, Idaho Code §§ 67-5901, *et seq*.

COMPLAINT
-2-

5. This Court has subject matter jurisdiction over Plaintiff's claims for relief pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over the state causes of action pursuant to the doctrine of pendent jurisdiction because each of these claims arises out of the same facts and actions ad the federal claims. Supplemental jurisdiction over Plaintiff's additional claims exists pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the causes of action alleged in this Complaint arise out of Defendants' activities in Jerome County, Idaho which is within this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination with the Idaho Human Rights Commission and the United States Equal Employment Opportunity Commission claiming discrimination on the basis of disability.

8. The Equal Employment Opportunity Commission issued a Notice of Right to Sue.

9. This Complaint is filed within 90 days of the issuance of the Notice of Right to Sue.

10. Accordingly, all administrative remedies required prior to filing suit have been exhausted.

## FACTS

11. Plaintiff was employed by Defendant St. Benedicts Family Medical Center, Inc. from in or about January 2004 until on or about September 6, 2008.

12. St. Benedicts is engaged in an industry affecting commerce with 50 or more employees, and is not an exempt employer under the ADA or the FMLA.

13. Plaintiff was employed by St. Benedicts as a paramedic and as advanced EMT.

14. Plaintiff has the education and training to perform the positions of paramedic and advanced EMT.

15. Plaintiff's job performance at St. Benedicts was satisfactory.

16. Plaintiff is a disabled individual who, at all material times herein, suffered from serious health conditions and mental and physical impairments: chronic depression and cataracts.

17. Plaintiff has suffered from depression since he was a teenager.

18. Defendant St. Benedicts knew that Plaintiff suffered from chronic depression.

19. At all material times herein, Plaintiff was and is able to perform the primary functions of his position at St. Benedicts with or without reasonable accommodation.

20. From time to time, due to Plaintiff's disability, chronic depression, Plaintiff required a leave of absence to get treatment and adjust his medications.

21. During his employment with St. Benedicts, Plaintiff took a leave of absence for treatment of depression under the Family Medical Leave Act in approximately May through August, 2006.

22. Plaintiff suffered from cataracts in 2008. Plaintiff notified St. Benedicts by physician's statement of disability dated September 6, 2008 that he had a right-eye cataract and required a leave of absence for surgery.

23. At all times material herein, Plaintiff's disabilities and serious health conditions required continuing treatment by health care providers.

24. In August 2008, Plaintiff's depression worsened to the point where Plaintiff knew he needed to take a leave of absence. He was unable to think clearly or converse normally and took an inordinately long time completing normal tasks.

Plaintiff's physician recommended that he not work for two months because of his depression.

25. As soon as practicable, Plaintiff notified his immediate supervisor, that as of August 29, 2008, he would be taking Family Medical Act Leave.

26. On or about August 29, 2008, Plaintiff delivered a letter to the Human Resources Department of Defendant notifying Defendant that he was applying for Family Medical Leave and short-term disability benefits.

27. On or about September 2, 2008, Plaintiff sent Defendant a letter stating that his "disability" would last more than seven days and asking for help filing the FMLA leave and short-term disability paperwork. Plaintiff wrote "due to my current disability, I would appreciate you making arrangements which will help me file for the FMLA and short term disability."

28. Defendant failed to help Plaintiff to file for FMLA leave and short-term disability benefits.

29. Defendant failed to engage in the interactive process with Plaintiff in good faith.

30. Defendant refused to grant Plaintiff's FMLA leave.

31. Defendant asked for certification from Plaintiff's medical care provider.

32. Defendant gave Plaintiff 15 days to provide such certification.

33. On or about September 6, 2008, St. Benedicts terminated Plaintiff's employment for excessive absenteeism pursuant to Defendant's attendance policy.

34. On September 12, 2008, Plaintiff sent his medical care provider's certification to Defendant.

35. Defendant received such certification within 15 days of requesting it.

36. The medical certification provided adequate basis for a leave of absence under the Family Medical Leave Act -- the accommodation requested by Plaintiff.

37. On or about September 17, 2008, Defendant refused to process Plaintiff's request for medical leave and returned the certification to Plaintiff because it had already terminated Plaintiff's employment.

**FIRST CAUSE OF ACTION**
**Americans With Disabilities Act,**
**42 USC §§ 12101-12213**

38. Plaintiff repeats the allegations set forth above in paragraphs 1 through 37, incorporates them herein by reference, and alleges as follows:

39. St. Benedicts, at all times material herein, employed over 15 employees.

40. Plaintiff is a qualified individual with a disability – cataracts and chronic depression.

41. At all times material herein, Plaintiff was and is able to perform the primary functions of his position with or without reasonable accommodation.

42. In August and September 2008, Plaintiff's depression incapacitated the Plaintiff to the extent that he was unable to perform the essential functions of his position and other normal daily activities, such as thinking, communicating orally and in writing, and working. This incapacity lasted until after September 6, 2008, when Plaintiff's employment with St. Benedicts was terminated.

43. Plaintiff requested reasonable accommodation for his disability, including, but not limited to: (1) a leave of absence for treatment of depression; (2) assistance with completing the necessary paperwork to apply for a leave of absence under the Family Medical Leave Act; (3) communication via email and not telephone or in-person; (4) a period of 15 days to provide a certification of his medical care provider containing the basis for his Family Medical Leave; (5) engaging in the interactive process in good faith;

(6) refraining from terminating Plaintiff's employment before receipt of the certification from Plaintiff's health care provider; (7) refraining from enforcing the Defendant's attendance policy against Plaintiff while he was on leave of absence due to his disability; (8) refusing to reinstate Plaintiff after it received the certification from Plaintiff's medical care provider on or about September 12, 2008.

44. Defendant discriminated against Plaintiff because of his disability with respect to the terms, conditions and privileges of employment when it (a) refused to accommodate his disability; (b) demoted him from paramedic to advanced EMT on August 25, 2008; (c) terminated Plaintiff's employment on or about September 6, 2008; in addition to other actions and inactions described in this Complaint.

45. As a proximate result of Defendant's unlawful conduct in violation of the Americans With Disabilities Act, Plaintiff has been damaged in an amount to be determined at trial.

46. Defendant intentionally violated the ADA and acted with malice and/or reckless indifference to the Plaintiff's federally protected rights entitling Plaintiff to punitive damages in an amount to be determined at trial. .

## SECOND CAUSE OF ACTION
**Family Medical Leave Act of 1993, as amended**
**29 USC §§ 2601, *et seq*.,**

47. Plaintiff repeats the allegations set forth above in paragraphs 1 through 46, incorporates them herein by reference, and alleges as follows:

48. On or about August 28, 2008, plaintiff requested FMLA-protected medical leave due to the plaintiff's own serious health condition.

49. At the time Plaintiff requested a leave of absence under the Family Medical Leave Act in August 2008, Plaintiff had worked for defendant since

approximately January 2004 and plaintiff had worked for more than 1250 hours in the previous 12 months.

50. Plaintiff notified the Human Resources Department of Plaintiff that he would be taking a Family Medical Act leave beginning August 29, 2008.

51. Plaintiff suffered from chronic depression which required him to seek medical treatment from his health care provider.

52. Plaintiff's depression incapacitated the Plaintiff to the extent that he was unable to perform the essential functions of his position and other normal daily activities, such as thinking, communicating orally and in writing, and working.  This incapacity lasted until after September 6, 2008, when Plaintiff's employment with St. Benedicts was terminated.

53. On September 23, 2008, plaintiff was informed by Defendant that he had been terminated as of September 6, 2008 for excessive absenteeism.

54. Defendant failed to allow Plaintiff at least 15 days after request for medical certification as required by the FMLA.

55. Plaintiff alleges and asserts that his termination was unlawful pursuant to § 105 of the Family and Medical Leave Act of 1993, codified at 29 U.S.C.A. § 2615.

56. Defendant interfered with, restrained and denied the exercise of or the attempt to exercise Plaintiff's rights under the Family Medical Leave Act.

57. Defendant discharged and discriminated against Plaintiff because he opposed a practice made unlawful under the Family Medical Leave Act.

58. Plaintiff's termination was discriminatory because it was based on the Plaintiff's availing himself of his protected medical leave rights under the Family Medical Leave Act.

59.     As a proximate result of Defendant's unlawful conduct in violation of the Family Medical Leave Act, Plaintiff has been damaged in an amount to be determined at trial.

60.     Plaintiff further asserts that Defendant's violation of the Family and Medical Leave Act of 1993 was willful entitling Plaintiff to liquidated damages in an amount equal to the award of damages. Defendant knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Family Medical Leave Act.

61.     Defendant did not act in good faith and did not have any reasonable grounds for believing it was not violating the Family Medical Leave Act.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

1.      Statutory damages for lost wages (back pay and front pay), benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i), 29 U.S.C.A. §§ 2617(a)(1)(A)(ii), 42 USC § 1981a(b)(2), and other applicable statutes.

2.      Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii) and other applicable statutes.

3.      Equitable relief in the form of reinstatement, back pay and/or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B), 42 USC § 1981a(b)(2) and other applicable statutes.

4.      Compensatory damages including lost wages, back pay, front pay and benefits according to proof;

5.   Non-pecuniary losses to Plaintiff, including damages for emotional pain, stress, grief, anxiety, loss of self esteem, inconvenience, mental anguish, humiliation, stigma, and loss of enjoyment of life;

6.   Punitive damages for intentional violation of the ADA and malice and reckless indifference to Plaintiff's federally protected rights pursuant to 42 USC § 1981a(b)(1) and other applicable statutes;

7.   Attorney's fees, litigation expenses, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), 42 USC §§ 12117(a), 12133, 2000e-5(k); 29 USC § 794a(b), and other applicable statutes;

8.   For prejudgment and post judgment interest; and

9.   Such other relief as this Court may deem just and proper.

Dated this 19th day of April, 2011.

LAW OFFICES OF CYNTHIA J. WOOLLEY, PLLC

*(signature)*

Cynthia J. Woolley
Attorney for Plaintiff